# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KENNETH CEDRIC BROWN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CR-57

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kenneth Cedric Brown appeals his guilty plea conviction for sexually exploiting a minor by production of sexually explicit material. He argues that the district court plainly erred in failing to advise him of his right to plead not guilty and to persist in a not-guilty plea, in violation of Federal Rule of Criminal Procedure 11(b)(1)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60053

As Brown concedes, he did not raise this issue in the district court and, therefore, review is limited to plain error.[1]  To show plain error, Brown must show a forfeited error that is clear or obvious and that affects his substantial rights.[2]  If he makes such a showing, this court has the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3]  To demonstrate an effect on his substantial rights based on the district court's failure to comply with Rule 11, Brown "must show a reasonable probability that, but for the error, he would not have entered the plea."[4]

At rearraignment, the district court did not advise Brown that he had the right to plead not guilty or to persist in a not-guilty plea.[5]  However, such admonishment was implicit in the court's inquiry whether Brown understood the consequences of choosing to plead guilty, whether he wished to waive his constitutional rights and enter a guilty plea, and whether, after being advised of the factual basis, he wished to plead guilty or not guilty.[6]  Nothing in the record indicates that the district court's omission was a factor that affected Brown's decision to plead guilty.  On appeal, Brown does not argue that he would not have pleaded guilty if the district court had advised him that he had the right to plead not guilty and to persist in a not-guilty plea.  Because Brown has not shown that the district court's failure to advise him of his right to plead

---

[1] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[2] *See id.*

[3] *See id.*

[4] *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

[5] *See* FED. R. CRIM. P. 11(b)(1)(B).

[6] *See United States v. Bachynsky*, 949 F.2d 722, 726 (5th Cir. 1991) (holding that district court's failure to advise defendant of right to plead not guilty and right against self-incrimination were implicit in the court's discussion of the rights he would lose if he pleaded guilty).

No. 14-60053

not guilty affected his decision to plead guilty, Brown has not shown that the omission affected his substantial rights.[7] Brown's reliance on *United States v. Neal*, 509 F. App'x 302 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 183 (2013), is misplaced as it is distinguishable.[8] Therefore, Brown has not shown plain error.[9]

AFFIRMED.

---

[7] *See Dominguez Benitez*, 542 U.S. at 83.

[8] *See United States v. Neal*, 509 F. App'x 302, 307-10 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 183 (2013) (concluding that there was plain error in case in which defendant had mental and physical health issues that were evident at the rearraignment, and when asked by defendant, district court erroneously advised him that he could not plead guilty to some charges and not guilty to other charges).

[9] *See Dominguez Benitez*, 542 U.S. at 83.